## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: UNASSIGNED

FORREST XU,

                Plaintiff,

        v.

U.S. CUSTOMS AND BORDER PROTECTION,
U.S. DEPARTMENT OF HOMELAND SECURITY,
SUSAN S. THOMAS, EXECUTIVE ASSISTANT
COMMISSIONER, OFFICE OF TRADE,

                Defendants.

Court No. 26-03403

## <u>PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Pursuant to Rule 65(b) of the Rules of the U.S. Court of International Trade, plaintiff, Forrest Xu, moves this court for a temporary restraining order enjoining U.S. Customs and Border Protection (Customs), and its responsible official, Executive Assistant Commissioner Susan S. Thomas, their officers, agents, servants, employees, attorneys, and those persons in active concert of participation with them, from deactivating plaintiff's customs broker electronic entry filer code, *i.e.*, N8Y. Defendants' actions amounts to a suspension or revocation of plaintiff's customhouse broker license, as he has been forced to shut down his brokerage operations, without having provided plaintiff with any semblance of due process as required by the holding of this court, that Customs has no right to deactivate a broker's electronic entry filer code without adherence to proper procedure, without notice, and without an opportunity for the broker to respond. *See Lizarraga Customs Broker v. United States Customs and Border Protection et al.*, Slip Op. 10-113, Ct. No. 1:08-CV-00400 (Ct. Int'l Trade Oct. 4, 2010) (*Lizarraga*). Plaintiff requests this court immediately enjoin defendants from deactivating plaintiff's electronic entry filer code pending a final hearing and determination of

Court No. 26-03403

this cause, and if necessary, a trial of this action on the merits.

Plaintiff's counsel sent Customs a written demand, dated July 13, 2026, to reactivate plaintiff's entry filer code on the above-mentioned grounds. *See* **Exhibit A**. On July 24, 2026, Customs issued a response stating it would not reactivate plaintiff's electronic filer code. *See* **Exhibit B**. Accordingly, this motion is necessary to prevent irreparable harm.

Pursuant to 19 U.S.C. § 1641, CBP is authorized to license and regulate customs brokers, along with initiate disciplinary proceedings against brokers, such as suspending or revoking a license. Pursuant to 19 C.F.R. § 142.3a, the customs regulations provide that all licensed customs brokers are to receive an entry filer code. Pursuant to 19 C.F.R. § 142.3a(d), "*the Assistant Commissioner, Office of International Trade, or his designee, may refuse to allow the use of an assigned entry filer code if it is misused by the . . . broker.*" However, pursuant to this Court's opinion and order in *Lizarraga*, deactivation of a broker's electronic entry filer code without explanation or a request for plaintiff's defense, notice, or hearing, amounts to an unlawful suspension or revocation of the broker's license without due process. *See Lizarraga*, *supra*. As a result, this court held that Customs must, at a minimum, afford the broker due process as required by 19 U.S.C. § 1641 and 19 C.F.R. Part 111 before deactivating the broker's entry filer code.

Ultimately, as in *Lizarraga*, Customs did not: (1) serve the plaintiff with a notice requesting an explanation or defense as to why plaintiff's broker license should not be revoked, (2) notify the plaintiff of an administrative hearing, or (3) provide any semblance of 5 U.S.C. § 558 due process whatsoever. Accordingly, CBP committed the same legal error as in the *Lizarraga* case, it must likewise reactivate the plaintiff's entry filer code, and plaintiff is likely to succeed on the merits.

Customs' deactivation of the plaintiff's electronic entry filer code is a clear and unquestionable procedural defect by Customs that violates the due process rights that plaintiff is

Court No. 26-03403

guaranteed by statute, regulation, and the precedent set by this court. Plaintiff has and will continue to suffer substantial and irreparable financial harm unless Customs reverses its decision and reactivates plaintiff's electronic filer code immediately. *See* **Exhibit C, Declaration of Forrest Xu**. The government's defense of this clearly unlawful action upon which it has previously confessed judgment will implicate potential attorney's fees and other damages under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

WHEREFORE, plaintiff respectfully requests that its motion be granted in all respects.

Dated: July 29, 2026

*/s/ Christopher J. Duncan*
Christopher J. Duncan
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Lost Angeles, CA 90071
Telephone:    (213) 624-2500
Facsimile:    (213) 623-4581

*Attorneys for Plaintiff*

3