**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| FORREST XU, | : | |
| | : | |
| Plaintiff, | : | Court No. 26-03403 |
| v. | : | |
| | : | |
| U.S. CUSTOMS AND BORDER PROTECTION, | : | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| SUSAN S. THOMAS, EXECUTIVE ASSISTANT | : | |
| COMMISSIONER, OFFICE OF TRADE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**VERIFIED COMPLAINT**

Plaintiff, Forrest Xu, by his attorneys, Squire Patton Boggs (US) LLP, for his complaint herein alleges as follows:

**STATEMENT OF THE CASE**

This action seeks injunctive and declaratory relief to enjoin the U.S. Customs and Border Protection, U.S. Department of Homeland Security ("Customs") and its employees, agents and representatives from continuing to deactivate plaintiff's customs broker entry filer code, N8Y, effective **June 1, 2026**. Defendants' actions are arbitrary and capricious, contrary to law, and a denial of due process, and if permitted to stand will eliminate plaintiff's ability to function as a licensed broker and cause him irreparable harm.

**JURISDICTION**

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1581(i)(1) and (4), and 28 U.S.C. § 2631(i), in that the action arises out of the administration and/or enforcement of the customs laws governing the licensing and regulations of customs brokers.

1

## STANDING

2.      As a licensed customs broker, plaintiff has an interest in the proper administration and regulation of the broker licensing statutes and regulations and will be adversely affected or aggrieved by the proposed actions of Customs and its agents, employees, and/or representatives.

3.      Plaintiff's interest in challenging Customs' deactivation of plaintiff's entry filer code, which is assigned to all licensed customs brokers, is within the zone of interest protected by the statute, so plaintiff has standing to bring this action under 28 U.S.C. § 2631(i) and 5 U.S.C. § 702.

4.      Plaintiff is a licensed customs broker with his principal address at 20739 Lycoming St. SPC 82, Walnut, CA 91789.

5.      Defendant Customs is the federal agency responsible for the licensing and the regulation of customs brokers. Defendant Susan Thomas is the Executive Assistant Commissioner of the Office of Trade, who issued a notice to plaintiff that plaintiff's entry filer code was deactivated effective June 1, 2026.

6.      Under the customs regulations, Customs is charged with determining whether an applicant is qualified to be issued and to maintain a broker's license. 19 C.F.R. § 111.15. Section 1641, Title 19 United States Code, provides the statutory authorization for broker licensing. Section 1641(d) of the statute, and Section 111.50 et seq., set forth the disciplinary procedures for action against licensed brokers, including penalties and suspension and revocations of broker's licenses.

7.      Under guidance set forth by this court in *Lizarraga Customs Broker v. United States Customs and Border Protection et al.*, Slip Op. 10-113, Ct. No. 1:08-CV-00400 (Ct. Int'l Trade Oct. 4, 2010) ("*Lizarraga*"), Customs has no right to deactivate a customs broker's entry filer code

without, at a minimum, adherence to proper procedure, such as notice, an opportunity for the broker to respond, and a hearing before an administrative law judge.

8.    An entry filer code is a unique 3-character code which permits customs brokers (and importers who may be assigned such code) to make entry quickly and efficiently via the Automated Broker Interface ("ABI") system, without presenting entries manually and without requiring the payment of estimated duties and other charges at the time of entry. 19 C.F.R.§ 142.3a.

9.    There is no provision in customs statutes for deactivation of a broker's entry filer code. The customs regulations at 19 C.F.R. § 142.3a(d), provide that "the Assistant Commissioner, Office of International Trade, or his designee, may refuse to allow the use of an assigned entry filer code if it is misused by the . . . broker." However, this regulation provides no procedures that Customs must follow to execute this action.

10.    Although Customs claims to have issued notices to plaintiff for alleged instances of non-compliance with the broker and/or customs requirements, Customs never indicated or notified plaintiff that his entry filer code could be deactivated or that plaintiff would have a chance to defend against such a proposed action, be provided an administrative hearing, or any other semblance of due process. Instead, as in *Lizarraga*, Customs acted without providing plaintiff with an opportunity to contest such an action before it was implemented.

11.    Plaintiff, through the undersigned, requested Customs reactivate his entry filer code and provide the required procedures before deactivating his entry filer code.

12.    Customs, through EAC Thomas, denied plaintiff's request, necessitating this action.

## COUNT I
## ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

13.    Plaintiff hereby incorporates paragraphs 1-12, as if fully stated herein.

14.    Customs is given statutory authority for licensing and regulating customs brokers in the United States. 19 U.S.C. § 1641; 19 C.F.R. § 111.50 et. seq; 19 C.F.R. § 142.3a.

15.    Customs broker licenses are considered "licenses" or certified approvals within the meaning of the APA. A license is defined by the APA as including "the whole or a part of an agency permit, certificate, approval, registration, charter, membership, statutory exemption or other form of permission." 5 U.S.C. § 551(8).

16.    Plaintiff is a licensed customs broker.

17.    The customs regulations provide that all licensed customs brokers are to receive an entry filer code. 19 C.F.R. § 142.3a.

18.    Any decision by Customs through its officers and agents to suspend or revoke a customs broker's license, or effectively render that license almost unusable, must not be arbitrary and capricious and/or must comport with the due process requirements set forth in 19 U.S.C. § 1641(d).

19.    Customs' deactivation of plaintiff's entry filer code without any notice, opportunity to respond, or hearing is effectively a suspension or revocation of plaintiff's customs broker's license without any showing of good cause and without the benefit of hearing or other due process protections. Defendants' actions will result in plaintiff having to close his customs broker business on account of not being able to effectively and/or competitively service his clients.

4

20.    Customs has not granted plaintiff a hearing or any other semblance of basic due process in suspending his entry filer code, in direct contradiction to relevant regulations and guidance set by this very court in *Lizarraga.*

21.    Accordingly, defendants' actions are arbitrary and capricious, contrary to law, and a denial of due process.

WHEREFORE, plaintiff prays that this court enter the following relief:

a)    A declaratory judgment finding that defendants' efforts to suspend or deactivate plaintiff's entry filer code to be arbitrary and capricious;

b)    A temporary restraining order or preliminary injunction restraining the defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert of participation with them, from suspending or deactivating plaintiff's entry filer code;

c)    A permanent injunction restraining the defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from suspending or deactivating plaintiff's entry filer code without a hearing providing for basic due process, in accordance with the letter or spirit of 19 U.S.C. § 1641(d)(2)(B);

d)    And additional or further relief to which plaintiff may be entitled.

Dated: July 30, 2026                    Respectfully submitted,


                                        */s/ Christopher J. Duncan*
                                        Christopher J. Duncan
                                        SQUIRE PATTON BOGGS (US) LLP
                                        555 South Flower Street, 31st Floor
                                        Los Angeles, CA 90071
                                        Telephone: (213) 624-2500
                                        Facsimile: (213) 623-4581
                                        christopher.duncan@squirepb.com

                                        *Attorneys for Plaintiff*

5