**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: LISA W. WANG, JUDGE**

|  |  |  |
|---|---|---|
| | : | |
| FORREST XU, | : | |
| | : | |
| Plaintiff, | : | Court No. 26-03403 |
| v. | : | |
| | : | |
| U.S. CUSTOMS AND BORDER PROTECTION, | : | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| SUSAN S. THOMAS, EXECUTIVE ASSISTANT | : | |
| COMMISSIONER, OFFICE OF TRADE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION</u>

Pursuant to Rule 59 of the Rules of the U.S. Court of International Trade, which provides the court the opportunity to correct mistakes and prevent manifest injustice, plaintiff, Forrest Xu, moves this court to reconsider its denial of a motion for a temporary restraining order to temporarily enjoin U.S. Customs and Border Protection (Customs), from deactivating plaintiff's customs broker electronic entry filer code pending subsequent court decisions.

A decision whether to grant relief on a motion for reconsideration is within the exercise of the court's sound discretion. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). As provided in USCIT Rule 59(a)(1)(B), the court may grant a rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT Rule 60(b) provides for relief from a final order for "mistake, inadvertence, surprise, or excusable neglect," id. 60(b)(1), or "any other reason that justifies relief," id. 60(b)(6).

In the order denying the temporary restraining order, it appears the court agrees that, consistent with this court's decision in *Lizarraga Customs Broker v. United States Customs and*

Court No. 26-03403

*Border Protection et al.*, Slip Op. 10-113, Ct. No. 1:08-CV-00400 (Ct. Int'l Trade Oct. 4, 2010) (*Lizarraga*), plaintiff is likely to succeed on the merits as described in plaintiff's motion because Customs failed to provide notice and a hearing prior to deactivating plaintiff's electronic entry filer code. However, the court determined it did not have sufficient evidence of irreparable harm to grant plaintiff's motion for a temporary restraining order. As plaintiff stated in its initial motion and declaration filed on July 29, 2026, incorporated by reference into its motion, and reiterates below, just as in *Lizarraga*, without an electronic entry filer code and with this the ability to file entries electronically, plaintiff cannot compete with other brokers, has lost all his customers, and has been forced to discontinue his customs brokerage.

As an initial matter, plaintiff has sufficiently demonstrated that there is a substantial likelihood that he will prevail in his legal claims against defendants. In its response filed on August 3, 2026, as it did in *Lizarraga*, the government failed to establish that it provided plaintiff with prior notice: (1) listing specific allegations of entry filer code misuse, as required; (2) proposing deactivation of his filer code as proposed penalty; (3) providing plaintiff with an opportunity to respond before Customs officially decides to deactivate his filer code; or (4) scheduling an evidentiary hearing before an administrative law judge, all of which this court ordered the government to do in *Lizarraga*. It is undisputed that, as in *Lizarraga*, Customs did not provide plaintiff with such a notice, much less a hearing or other opportunity to respond to such charges, prior to its June 1, 2026, decision letter informing plaintiff that his entry filer code was summarily deactivated effective immediately. Accordingly, as in *Lizarraga*, where the government confessed judgment and pledged in open court never to deactivate any customs broker's entry filer code again without providing the required due process set forth above, plaintiff will prevail on the merits.

Court No. 26-03403

Addressing the court's initial finding that plaintiff did not provide sufficient evidence of irreparable harm, this court has previously decided that continued deactivation of a broker's entry filer code causes irreparable harm to a broker when it granted a temporary restraining order in the scenario with nearly identical facts presented in *Lizarraga*. As alleged in plaintiff's motion for a temporary restraining order and complaint, incorporated by reference in plaintiff's motion, and explained in greater detail here, plaintiff cannot function without an entry filer code because, as in *Lizarraga* and with any broker, manual filing of paper forms takes too long and is too cumbersome to allow a broker to competitively serve importer clients in today's world. As explained in *Lizarraga* and plaintiff's supplemental declaration, manual filing requires a broker to physically transport multiple copies of entry records for each importer to the port for each entry. For a typical broker such as plaintiff, who files hundreds of entries per day, it would be impossible to travel back and forth to the port in hours pf traffic each time entry records are prepared to ensure each importer's records are filed as soon as possible. Further, no importer would suffer the consequence of these delays and additional time requirements when it could easily obtain electronic filing service from another broker. ***See* Exhibit A, Judge Eaton Opinion and Order, Pages 6-8**. Indeed, each of plaintiff's customers have fired him and moved to other brokers, forcing him to shutter his brokerage unless this court, as it did in *Lizarraga*, allows him to continue to operate until the matter is resolved.

The impracticality of manual filing was key in this court's temporary restraining order against Customs under nearly identical facts in *Lizarraga*. As echoed by the National Customs Brokers and Freight Forwarders Association in that case:

> A customs broker who is unable to use an entry filer code can only file entries using manual filing procedures. The broker would need to prepare paper documents and physically bring them to the customshouse during Customs' normal business hours. A Customs entry specialist would then need to enter the data from the entry papers into ACS after which the selectivity criteria would be applied. Only then would the shipment

Court No. 26-03403

> be eligible for release. The broker would need to pay any duties, fees and taxes by means of a check.

*****

> The inability to use its entry filer code is nothing less than crippling to a customs broker's business. Defendant is less than candid when it states in its two briefs (both at 10) that the loss of the filer code does not inhibit a broker's ability to conduct customs business. An importer relies upon its broker for the expedient and accurate filing of customs entries. In today's high-paced trade environment, speed in clearing goods through Customs is of paramount importance to importers. Automation in Customs' systems parallels this trend, importers simply will not employ the services of a customs broker who can only offer manual entry filing, which will demonstrably result in the delayed release of shipments. In many ports, the Customs entry personnel who would be required to transmit manual entry data into ACS typically only work from 8 a.m. to 4 p.m. Thus, input into ACS for manual entry filings could only occur during those times. Moreover, Customs no longer assigns personnel dedicated to this task since manual filing has become so infrequent.

*See* **Exhibit B, NCBFFA Brief**. These unworkable circumstances exist for any broker who is forced to use manual filing because the broker's entry filer code is deactivated, and, as detailed in plaintiff's supplemental declaration, they certainly exist for plaintiff. Customs knows this, and has for years encouraged importers to only file electronically, which makes its arguments as to irreparable harm fall flat.

Moreover, as detailed in plaintiff's supplemental declaration, plaintiff may not be able to continue the litigation as Customs has summarily terminated plaintiff's sole source of income without due process. In *Lizarraga*, this court even went as far as to order that Customs appoint an administrative law judge to hear the matter to determine whether deactivation of the broker's entry filer code is a revocation of or suspension of the custom broker's license and ultimately awarded the plaintiff with attorney fees, after concluding the government's position, the same position it takes in this case, was not substantially justified. *See* **Exhibit C, Judge Eaton Remand Order** and **Exhibit D, Judge Eaton Award of Attorney Fees**. To prevent manifest injustice, plaintiff asks this court to issue a temporary restraining order for a reasonable amount of time to allow plaintiff to make his

4

Court No. 26-03403

case.

Finally, plaintiff respectfully asks this court to take notice of the government's open court promise to Judge Eaton in *Lizarraga* that it would not deactivate any custom broker's electronic filer code without providing required due process. *See* **Exhibit A, Judge Eaton Opinion and Order, Pages 15-16**. Yet, contrary to its confession of judgment and verbal pledges to Judge Eaton in that case, it breaks that promise to this court here. Plaintiff asks this court to use its expansive discretionary and equitable powers to give plaintiff a small reprieve so he can stay in business long enough to prosecute his case to conclusion. To allow otherwise would appoint Customs, not this court, the power of judge, jury, and executioner because its violative actions themselves threaten to prevent plaintiff from obtaining his day in court. Plaintiff submits that the main purpose of a temporary restraining order, which has a lower bar than a motion for preliminary injunction, is to do just this.

Plaintiff has and will continue to suffer severe, substantial, and irreparable financial harm unless this court immediately enjoins Customs from continuing to unlawfully deactivate plaintiff's electronic filer code and orders temporary reactivation. *See* **Exhibit E, Declaration of Forrest Xu**. This will give plaintiff the same opportunity it gave the broker in *Lizarraga* under identical circumstances, As in *Lizarraga*, the government's unjustified defense of this clearly unlawful action upon which it has previously confessed judgment on nearly identical facts will implicate potential attorney's fees and other damages under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

*****

Court No. 26-03403

WHEREFORE, plaintiff respectfully requests that its motion be granted in all respects.

Dated: August 6, 2026

> */s/ Christopher J. Duncan*
> Christopher J. Duncan
> SQUIRE PATTON BOGGS (US) LLP
> 555 South Flower Street, 31st Floor
> Lost Angeles, CA 90071
> Telephone: (213) 624-2500
> Facsimile: (213) 623-4581
>
> *Attorneys for Plaintiff*

Court No. 26-03403

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, the foregoing **PLAINTIFF'S EMERGENCY**

**MOTION FOR RECONSIDERATION** was filed and served via CM/ECF to the following

parties:

Justin R. Miller
Attorney-in-Charge
International Trade Field Office

David Heitner
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278

*Attorneys for Defendant*

/s/ *Christopher J. Duncan*
Christopher J. Duncan